UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY WAYNE ADAMS,

           Petitioner,           Case No. 1:08-cv-980

v.                                  Honorable Robert Holmes Bell

CAROL HOWES,

           Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the amended petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.       Factual Allegations

Petitioner is presently incarcerated at the Florence Crane Correctional Facility. After a jury trial, the Calhoun County Circuit Court convicted Petitioner of failure to pay child support on January 17, 2007. The trial court sentenced Petitioner to twenty-five to ninety-six months' imprisonment for his conviction.

The instant habeas action is similar to two previous petitions filed by Petitioner that were dismissed without prejudice for failure to exhaust available state-court remedies. *See Adams v. State of Michigan et al.,* 1:07-cv-233 (W.D. Mich. May 16, 2007); *Adams v. State of Michigan et al.*, 1:06-cv-785 (W.D. Mich. Dec. 7, 2006). On November 1, 2006, Petitioner filed his first habeas petition before he had even been convicted. *See Adams v. State of Michigan et al.*, 1:06-cv-785 (W.D. Mich. Dec. 7, 2006). Petitioner filed a second habeas petition on March 9, 2007 before he appealed as of right to the Michigan Court of Appeals. *See Adams v. State of Michigan et al.,* 1:07-cv-233 (W.D. Mich. May 16, 2007).

On November 18, 2008, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. (Ex. 5 to Pet., docket #1.) Petitioner, however, has not yet appealed to the Michigan Supreme Court because his case is still pending in the Michigan Court of Appeals. According to the Michigan Court of Appeals' docket record, Petitioner filed a motion for reconsideration on December 8, 2008.[1] (*See* Am. Pet. at 2.)

Petitioner filed the instant petition on October 20, 2008, and an amended petition on December 3, 2008. (*See* docket ##1, 6.) In his amended application for habeas corpus relief,

---

[1] *See* http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=276845&inqtype=public&yr=0&yr=0.

Petitioner raises the same sixteen issues that he presented to the Michigan Court of Appeals. (*See* Am. Pet. at 6, 13.) The Michigan Court of Appeals organized Petitioner's issues into four categories: "issues implicating [Petitioner's] arraignment; issues implicating [Petitioner's] arrest; issues implicating [Petitioner's] conviction; and issues implicating abstract questions of law." (Ex. 5 to Pet. at 1.)

II.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has failed to satisfy the exhaustion requirement because his case is still

pending in the Michigan Court of Appeals and he has not yet appealed to the Michigan Supreme Court. In order to exhaust, Petitioner must present his claims to both the Michigan Court of Appeals and the Michigan Supreme Court and obtain decisions from those courts.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." If Petitioner does not petition for certiorari in the United States Supreme Court, the one-year statute will begin to run ninety-days after the Michigan Supreme Court issues a decision in his case. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). If Petitioner seeks review in the United States Supreme Court, the one-year period will begin to run on the date the Supreme Court issues a final order of decision.

## Conclusion

For the foregoing reasons, the Court will dismiss the amended petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: <u>December 23, 2008</u>        <u>/s/ Robert Holmes Bell            </u>
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE